PILLSBURY WINTHROP SHAW PITTMAN LLP
MARK D. LITVACK (SBN 183652)
mark.litvack@pillsburylaw.com
NATHAN M. SPATZ (SBN 204769)
nathan.spatz@pillsburylaw.com
MICHAEL R. KREINER (SBN 316625)
michael.kreiner@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone:    213.488.7100
Facsimile:     213.629.1033

Attorneys for Plaintiffs
LIGHTSTORM ENTERTAINMENT, INC.;
PARAMOUNT PICTURES CORPORATION;
PARAMOUNT HOME ENTERTAINMENT INC.;
TWENTIETH CENTURY FOX FILM CORP.;
AND JAMES CAMERON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA,

WESTERN DIVISION

| | |
|---|---|
| LIGHTSTORM ENTERTAINMENT, INC., a California Corporation; PARAMOUNT PICTURES CORPORATION, a California Corporation; PARAMOUNT HOME ENTERTAINMENT INC., a California Corporation; TWENTIETH CENTURY FOX FILM CORP., a California Corporation; and JAMES CAMERON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>STEPHEN CUMMINGS, individually,<br><br>Defendant. | Case No.<br><br>PLAINTIFFS LIGHTSTORM ENTERTAINMENT, INC, PARAMOUNT PICTURES CORPORATION, PARAMOUNT HOME ENTERTAINMENT, INC., TWENTIETH CENTURY FOX FILM CORP., AND JAMES CAMERON'S COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF |

Plaintiffs Lightstorm Entertainment, Inc., Paramount Pictures Corporation, Paramount Home Entertainment, Inc., Twentieth Century Fox Film Corp., and James Cameron (collectively, "Plaintiffs") allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action to obtain a judicial declaration that false UCC-1 financing statements filed by defendant Stephen Cummings ("Defendant") with the California Secretary of State against Lightstorm Entertainment Inc., James Cameron, Twentieth Century Fox Film Corp., Paramount Home Entertainment, Inc., and Paramount Pictures Corporation are null, void, and without legal effect, and to enjoin Defendant from all future filings of similar documents.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District. In addition, venue is proper in this District pursuant to 28 U.S.C. § 1392 because a substantial portion of the property that is the subject of this lawsuit – namely, Plaintiffs' property which is identified as collateral in two UCC-1 Financing Statements filed in California by Defendant – is located in this District.

## THE PARTIES

4. Plaintiff Lightstorm Entertainment, Inc. is a California corporation with its principal place of business in Los Angeles, California.

5. Plaintiff Paramount Pictures Corporation is a California corporation with its principal place of business in Los Angeles, California.

6. Plaintiff Paramount Home Entertainment, Inc. is a California corporation with its principal place of business in Los Angeles, California.

7. Plaintiff Twentieth Century Fox Film Corp. is a Delaware corporation with its principal place of business in Burbank, California.

8. Plaintiff James Cameron is an individual residing in Malibu, California.

9. According to the information contained in the false liens that are the subject of this action, Defendant resides and/or has his place of business in New York, New York.

## BACKGROUND

10. A Uniform Commercial Code Financing Statement ("UCC-1") is a legal form that a creditor will file to notify a debtor that the creditor has a security interest in the debtor's personal property.

11. A UCC-1 is generally filed with the Secretary of State in the state where the debtor resides in order to perfect the creditor's security interest in the debtor's property.

12. The filing of a UCC-1 creates a lien against the debtor's property and establishes priority in the event of the debtor's default or bankruptcy.

13. In order to properly file a UCC-1, a debt must be owed to the filer and the debtor must authorize the filing of the UCC-1 Financing Statement.

14. The office of the California Secretary of State where UCC-1s are filed is located in Sacramento, California.

## FACTUAL ALLEGATIONS

15. On January 7, 2020, Defendant commenced a civil action in the Superior Court of California for the County of Los Angeles against Plaintiffs, Dolby Laboratories, Inc., and Sony Pictures Entertainment, Inc., alleging claims for declaratory relief, common law right of publicity, and copyright infringement based on fanciful and delusional allegations that Plaintiffs based the 1997 motion picture *Titanic* on Defendant's life story. On May 15, Plaintiffs removed that action to the United States District Court for the Central District of California, Case No. 2:20-cv-04443-ODW (the "Federal Court Action"). A copy of Defendant's complaint in the

Federal Court Action is attached hereto as Exhibit A.

16. On July 3, 2020, Defendant caused to be filed with the California Secretary of State a UCC-1, File Number 20-7802652698, falsely identifying Plaintiffs as "Debtor," allegedly based on collateral which is described as "All assets inventory, proceeds of sold inventory, accounts receivables, fixtures, cash, equipment, bank account balances and real property," and "All property subject to enforcement of a judgment against the judgment debtors to which a judgment lien on personal property may attach under Code of Civil Procedure section 697.520…." A copy of the July 3, 2020 UCC-1 is attached hereto as Exhibit B.

17. Defendant's July 3, 2020 UCC-1 states in the "'Affidavit' and 'Statement of Truth' (and-or 'Verified Claim', and-or 'Financing Statement') of Stephen Cummings" attached thereto that his compensation pursuant to the July 3, 2020 UCC-1 amounts to $400,000,000.00 and "a 1% continuing royalty to be paid to [Defendant/his] heirs in perpetuity, annually, from the proceeds of the continuing sales of the film)/merchandise…." Ex. B, ¶ 20. Defendant's "'Affidavit' and 'Statement of Truth' (and-or 'Verified Claim', and-or 'Financing Statement')" attached to his July 3, 2020 UCC-1 contains identical allegations as the Federal Court Action regarding Defendant's assertion that Plaintiffs based *Titanic* on his life story. Ex. B, 8-59.

18. In a hearing on Plaintiffs' motion to declare Defendant a vexatious litigant in the Federal Court Action on July 13, 2020, Judge Otis Wright, II ordered the Federal Court Action dismissed on *res judicata* grounds, with a formal order to follow.

19. On July 29, 2020, Defendant caused to be filed with the California Secretary of State a second UCC-1, File Number U200009479336, falsely identifying Plaintiffs as "Debtor," allegedly based on collateral which is described as "All assets inventory, proceeds of sold inventory, accounts receivables, fixtures, cash, equipment, bank account balances and real property," and "All property subject to enforcement of

a judgment against the judgment debtors to which a judgment lien on personal property may attach under Code of Civil Procedure section 697.520….'" A copy of the July 29, 2020 UCC-1 is attached hereto as Exhibit C.

20. Defendant's July 29, 2020 UCC-1 states in the "'Affidavit' and 'Statement of Truth' (and-or 'Verified Claim', and-or 'Financing Statement') of Stephen Cummings" attached thereto that his compensation pursuant to the July 29, 2020 UCC-1 amounts to $400,000,000.00 and "a 1% continuing royalty to be paid to [Defendant/his] heirs in perpetuity, annually, from the proceeds of the continuing sales of the film)/merchandise…." Ex. C, ¶ 20. Defendant's "'Affidavit' and 'Statement of Truth' (and-or 'Verified Claim', and-or 'Financing Statement')" attached to his July 29, 2020 UCC-1 contains identical allegations as the Federal Court Action regarding Defendant's assertion that Plaintiffs based *Titanic* on his life story. Ex. C, 7-58.

21. Defendant filed the false UCC-1s in an effort to establish invalid liens against Plaintiffs, to wrongfully and maliciously damage Plaintiffs' credit, and to wrongfully and maliciously implicate and damage Plaintiffs' reputations in the course of making his false claims.

22. Plaintiffs have never been indebted to Defendant for payment or other performance, given Defendant any security interest in their assets or otherwise entered into any security agreement with Defendant, or authorized the filing of UCC-1s against them by Defendant.

23. The false UCC-1s are without any factual or legal basis whatsoever, and are solely designed to harass Plaintiffs, and thus impose immediate and irreparable harm upon them.

24. Plaintiffs face substantial hardship and costs associated with false information in the public record that may impede or impair their respective business dealings and/or business or personal credit.

25. On information and belief, unless enjoined, Defendant will continue to

file and record false and fraudulent liens and other documents against Plaintiffs.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment (28 U.S.C. § 2201))

26. Plaintiffs repeat and reallege paragraphs 1-25 as if fully set forth herein, and further allege as follows:

27. The filing of the false UCC-1s with the California Secretary of State has create a case of actual controversy within the jurisdiction of this Court.

28. The false UCC-1s falsely represent that Plaintiffs are indebted to Defendant, and that Plaintiffs have granted Defendant security interests in their property.

29. Plaintiffs are entitled to an order pursuant to 28 U.S.C. § 2201 declaring that the false UCC-1s are false, fraudulent, invalid, null, void, and of no legal effect.

30. The public interest will be served by an order declaring the false UCC-1s to be null, void, and of no legal effect.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment (Cal. Com. Code § 9625))

31. Plaintiffs repeat and reallege paragraphs 1-25 as if fully set forth herein, and further allege as follows:

32. The false UCC-1s falsely represent that Plaintiffs are indebted to Defendant, and that Plaintiffs have granted Defendant security interests in their property.

33. Pursuant to California Commercial Code § 2625(a), upon establishing that Defendant filed a false UCC-1, Plaintiffs are entitled to an order declaring that the false UCC-1s are false, fraudulent, invalid, null, void, and of no legal effect.

## THIRD CAUSE OF ACTION
### (Injunctive Relief (Cal. Com. Code § 9625))

34. Plaintiffs repeat and reallege paragraphs 1-25 as if fully set forth herein, and further allege as follows:

35. Pursuant to California Commercial Code § 9625(a), upon establishing that Defendant filed a false UCC-1, Plaintiffs are entitled to an order enjoining Defendant from filing any further UCC-1s.

36. Defendant's conduct as described herein constitutes violations of Cal. Com. Code § 9509(a) by filing UCC-1s without satisfying the conditions required by that section. Namely, Plaintiffs did not authorize the filing, nor does Defendant hold any lien against Plaintiffs effective at the time of filing of the UCC-1s.

37. Pursuant to California Commercial Code § 9625(a), Plaintiffs are entitled to an order permanently enjoining Defendant, his agents, and all others in active concert or participation with Defendant from filing or recording any documents which purport to create any nonconsensual lien or encumbrance against Plaintiffs' property.

38. Pursuant to California Commercial Code § 9625(a), Plaintiffs are entitled to an order authorizing the California Secretary of State to expunge all UCC-1s filed by Defendant against any or all Plaintiffs.

39. Pursuant to California Commercial Code § 9625(a), upon establishing that Defendant filed a false UCC-1, Plaintiffs are entitled to an order requiring Defendant to withdraw any and all UCC-1 Financing Statements, along with all accompanying affidavits and exhibits, filed against Plaintiffs, individually or collectively.

WHEREFORE, Plaintiffs respectfully pray as follows:

1. That the Court determine, adjudge, and declare that UCC-1 Financing Statement, Filing Number 20-7802652698, is null, void, and of no legal effect;

2. That the Court determine, adjudge, and declare that UCC-1 Financing Statement, Filing Number U200009479336, is null, void, and of no legal effect;

3. That the Court grant leave to file any order or judgment obtained in the present case with the California Secretary of State, and in the public records of any jurisdiction where Defendant may have filed documents identical or similar to the false UCC-1s;

4. That the Court order and direct the California Secretary of State to remove and expunge UCC-1 Financing Statement, Filing Number 20-7802652698 from the official records of the California Secretary of State;

5. That the Court order and direct the California Secretary of State to remove and expunge UCC-1 Financing Statement, Filing Number U200009479336 from the official records of the California Secretary of State;

6. That the Court permanently enjoin Defendant, his agents, and all others in active concert or participation with Defendant, from filing or attempting to file any document or instrument which purports to create any nonconsensual lien or encumbrance against Plaintiffs;

7. That the Court order Defendant to withdraw any and all UCC-1 Financing Statements, along with all accompanying affidavits and exhibits, filed against Plaintiffs, individually or collectively.

8. That the Court grant such other and further relief as the Court deems to be just and proper.

Dated: September 2, 2020

PILLSBURY WINTHROP SHAW PITTMAN LLP
MARK D. LITVACK
NATHAN M. SPATZ
MICHAEL R. KREINER

By: _/S/ MARK D. LITVACK_
MARK D. LITVACK

Attorneys for Plaintiffs
LIGHTSTORM ENTERTAINMENT, INC.;
PARAMOUNT PICTURES CORPORATION;
PARAMOUNT HOME ENTERTAINMENT INC.;
TWENTIETH CENTURY FOX FILM CORP.;
AND JAMES CAMERON.