O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| LIGHTSTORM ENTERTAINMENT, INC. ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN CUMMINGS, Defendant. | Case №s 2:20-cv-08044-ODW-PVCx <br> **ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY THE PRESIDING JUDGE, OTIS D. WRIGHT, MADE PURSUANT TO 28 U.S.C. § 455 [DE-104.]** |

## I. INTRODUCTION AND BACKGROUND

*Bizarre.* Upon reading Mr. Cummings' "motion" that is the first adjective that comes to mind. But we begin with a brief recap of how we arrive at this juncture.

Defendant Cummings believes he is entitled to damages for copyright infringement[1] related to the concept, characters, interpersonal relationships, dialogue and images incorporated into the 1997 box office hit motion picture *Titanic,*

---

[1] "Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a) (emphasis added). Cummings makes no claim that his ideas were ever reduced to a tangible medium of expression.

written and directed by James Cameron. According to Cummings, the entire storyline of *Titanic* was taken from his own life experiences and relationships. To demonstrate just how fervently he believes this, on May 19, 2017, Mr. Cummings filed a complaint in the Middle District of Florida against James Cameron; Lightstorm Entertainment, Inc.; Sony Pictures Entertainment, Inc.; Paramount Pictures Corp.; Paramount Home Entertainment, Inc.; and Twentieth Century Fox Film Corp., seeking $400,000,000 on claims that the motion picture was based on his life story. See *Cummings v. Cameron et al.*, 17-cv-00908 (M.D. Fla.). That case was dismissed without prejudice prior to service upon any defendants for, among other failings, the shotgun nature of his pleadings, and the inability of any defendant to ascertain which of the myriad of allegations pertained to it, plus other violations of court orders. *Id.,* Dkt. No. 25. On November 2, 2017, Cummings filed a new lawsuit in the Middle District of Florida. *Cummings v. Cameron et al.,* 17-cv-01897 (M.D. Fla.). This lawsuit raised the same allegations against the same parties. On October 31, 2018, that case was dismissed with prejudice with the observation that Cummings "is on the verge of being considered a vexatious litigant . . . ." *Cummings v. Cameron et al.*, 2018 WL Case 5629931, at *2, n.2 (M.D. Fla. Oct. 31, 2018). On January 7, 2020, Cummings moved his serial filings to California and involved Dolby Laboratories for the first time, in *Stephen Cummings v. Dolby Laboratories, Inc., et al.,* initially filed in Los Angeles County Superior Court. On May 15, 2020, that action was removed to this Court pursuant to 28 U.S.C. § 1454 and assigned case number 20-cv-04443-ODW (the "Prior Action"). Dolby Laboratories filed a motion to dismiss the Prior Action with prejudice (Dkt. 29), as did the other defendants to that action. Prior Action, [Dkt. Nos. 20, 37.] On September 14, 2020, this Court entered an Order granting the motion to dismiss the Prior Action with prejudice, making a finding that "Cummings's allegations are wildly factually unreasonable" and "his claims are plainly barred by *res judicata* and therefore, legally unreasonable." *Id.*, Dkt. No. 69 at 8.[2]

---

[2] This history is taken from Plaintiff in Intervention Dolby Laboratories' Motion to Intervene, pp 2-3, DE-48

2

In July 2020, Cummings filed two false documents, i.e. form UCC-1, with the California Secretary of State purporting to establish a security interest in the Studios' assets based on a $400 million debt they "owe" Cummings. This then prompted the Studios (Plaintiffs collectively) to file the present action. (Compl., ECF No. 1; Joinder ECF No. 69.)

In this action, the Studios sought (1) a declaration that the UCC-1s, which Cummings filed are false and void; (2) an order instructing Cummings to withdraw the false documents; (3) an order instructing the Secretary of State to remove and expunge the false documents from official records; and (4) a permanent injunction enjoining Cummings from filing any document purporting to create an encumbrance or lien against the Studios without prior order of the Court. (See Mot. Summ. J. ("MSJ") 9, ECF No. 20.) The Studios motion for summary judgment, was granted on April 27, 2021, with an Order for Cummings to withdraw those false documents. [DE-77, 78.]

Cummings did not comply with the Court's order that he was to take affirmative steps to cause the false UCC-1s be removed and on June 22, 2021 the Studios moved to set an OSC why Cummings should not be held in contempt. [DE-85.]

On August 4, 2021 the Court granted the Studios Application (DE-85) and found that Cummings had failed to comply with the Court's April 27, 2021 Order Granting the Studio's Motion for Summary Judgment. Moreover, it appeared to the Court that the failure to obey the Court's Order was willful [See DE-77.] Specifically, having had nearly four months to do so, Cummings failed to withdraw the False UCC-1s as ordered. He was therefore ordered to appear before the Court on August 16, 2021 at 1:30 p.m. to show cause why the Court should not find him in contempt. [DE-91].

On August 16, 2021, Cummings failed to appear or otherwise respond to the Order to Show Cause. The Court conferred with counsel and expressed concerns

about Mr. Cumming's mental state due to his seemingly irrational conduct, opining that holding him in contempt might serve no useful purpose. Mr. Kreiner, counsel for Plaintiff Lightstorm Entertainment, inquired about the remedy afforded by FRCP Rule 70(a) to secure execution of the Court's Order that the UCC-1 financing statements be withdrawn.[3] He was then instructed to prepare a proposed order that his firm Pillsbury Winthrop be designated to carry out the Court's Order that the fraudulent UCC-1s be withdrawn. [DE-94]. On August 31, 2021 the Court entered that Order. [De-101.] That brings us to the present day.

## II.  MOTION FOR DISQUALIFICATION OF PRESIDING JUDGE

The instant motion is purportedly brought under the provisions of 28 U.S.C 455 which generally provides that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. Here, however, no claim is made that the presiding judge is not impartial, or has a personal bias or prejudice concerning a party (b)(1); or he previously served as a lawyer in the matter in controversy (b)(2); or has a direct or indirect financial interest in the matter in controversy (b)(4); or that a relative is a party to the proceeding, is a lawyer in the proceeding, has an interest in the outcome of the proceeding or may be a witness in the proceeding (b)(5)(i)-(iv). Moreover, unlike most motions to disqualify, here, the rationale is not even dissatisfaction a ruling of the subject judge. Instead, as best the court can determine, it is based on more serious allegations as set forth in his "letter" to the judge of 9/7/2021 which he characterizes as his supporting Memorandum. That letter states in part: "Mr Wright, (you, Eric Holder, Michael

---

[3] FRCP Rule 70 provides in relevant part: "If a judgment requires a party to . . . perform any . . . specific act and the party fails to comply within the time specified the court may order the act to be done – at the disobedient party's expense-by another person appointed by the court. When done, the act has the same effect as if done by the party."

Mukasey, Mark Mukasey, the USDOJ/FBI, Charles Schumer, Jeffrey Nadler) are charged with (accessory after the fact in the murder of Americans and foreign Nationals), (homicidal criminal negligence in the murders of Jeffrey Trail, David J. Madson, Lee Miglin. William Reese. Gianni Versace[4], Nadia Frey, Norma Vestal, Matthew Marcotrigiano, and Lee Trent, and conspiracy to cover up same.  He purports to make a citizen's arrest of the presiding judge, was advised of his *Miranda* rights and ordered not to leave the country.

Like his Titanic related lawsuits, these claims are completely bereft of facts making them incapable of a meaningful response.  Perhaps the absurdity of the claims themselves make response unnecessary.  In any event, the motion is **DENIED**.

**IT IS SO ORDERED.**

DATED:    September 9, 2021

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

---

[4] Jeffrey Trail and David J. Madson were the apparent first victims in the 1997 killing spree by Andrew Cunanan which was followed by the murders of Lee Miglin, William Reese and ultimately Gianni Versace before Cunanan took his own life.